Kevin R. Sutherland (State Bar No. 163746)
Autumn E. Lewis (State Bar No. 295584)
Thomas M. Fedeli (State Bar No. 314647)
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600
Facsimile: (213) 358 7650
Email: kevin.sutherland@clydeco.us
       autumn.lewis@clydeco.us
       thomas.fedeli@clydeco.us

Attorneys for Plaintiff
ZHEJIANG UGLY DUCK INDUSTRY
CO., LTD,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ZHEJIANG UGLY DUCK INDUSTRY CO., LTD, | Case No. 2:24-cv-00399 |
|---|---|
| Plaintiff, | **PLAINTIFF ZHEJIANG UGLY DUCK INDUSTRY CO., LTD.'S COMPLAINT FOR:** |
| v. | 1) **BREACH OF CONTRACT; AND** |
| PALOMARES APPAREL, INC., | 2) **COMMON COUNT: GOODS AND SERVICES RENDERED** |
| Defendant. | 3) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |

**COMPLAINT**

ZHEJIANG UGLY DUCK INDUSTRY CO., LTD, ("Ugly Duck"), for itself and no other party, and by and through its undesigned attorneys, hereby alleges for its Complaint against Defendant PALOMARES APPAREL, INC. ("Palomares"), as follows:

**PARTIES**

1. Ugly Duck is, and at all times relevant herein was, a supplier of apparel products. Ugly Duck is a Chinese company with its principal place of business in Wenzhou, China.

37192924

1

PLAINTIFF ZHEJIANG UGLY DUCK INDUSTRY CO., LTD.'S COMPLAINT

2. On information and belief, Palomares is a California corporation engaged the retail sale of woman's clothing. On information and belief, Palomares' principal place of business is in Vernon, California.

**JURISDICTION AND VENUE**

3. This action is subject to this Court's diversity jurisdiction, 28 U.S.C. § 1332, in that it is an action between a citizen of a foreign country and a citizen of a state of the United States and the amount in controversy exceeds $75,000.

4. Venue is appropriate pursuant to 28 U.S.C. § 1391 insofar as Palomares resides in this judicial district and a substantial part of the acts and omissions giving rise to Ugly Duck's claim occurred in this judicial district.

**BACKGROUND OF DISPUTE**

5. In or about July 2022, Ugly Duck and Palomares entered an agreement whereby Ugly Duck agreed to sell, and Palomares agreed to purchase, various styles and quantities of water-resistant ladies' jackets ("Apparel").

6. The quantities, styles, and unit prices for the Apparel were fixed as agreed by Ugly Duck and Palomares in a "Proforma Invoice," PO No. UD2022019, dated July 12, 2022, a true and correct copy of which is attached hereto as Exhibit A.

7. Pursuant to the agreement, Palomares agreed to pay Ugly Duck 100% of the agreed price upon receipt of the Apparel in California.

8. On information and belief, Palomares intended to resell the Apparel at its retail store(s) in Los Angeles, California.

9. In or about September 2022 and October 2022, 7,034 cartons of Apparel were packed and stowed in four (4) separate intermodal shipping containers and shipped from Wenzhou, China to Los Angeles, California.

10. Palomares was the designated consignee of the shipments.

11. In or about October 2022, Palomares received and accepted the subject 7,034 cartons of Apparel in Los Angeles.

12. In accordance with their agreement, Ugly Duck issued Palomares four

(4) invoices[1] totaling $952,633.21 for the purchase of the 7,034 cartons of Apparel, as follows:

- Invoice Number UD2022019-3 (1,871 Cartons) - $272,548.94;
- Invoice Number UD2022019-4 (1,978 Cartons) - $256,266.39;
- Invoice Number UD2022019-5 (2,043 Cartons) - $263,313.08; and
- Invoice Number UD2022019-6 (1,142 Cartons) - $160,504.80.

13. To date, Palomares has paid Ugly Duck only $132,548.94 for the subject 7,034 cartons of Apparel.

14. The amount still due and owing Ugly Duck for the unpaid Apparel is **$820,084.27**, no part of which has been paid.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

15. Ugly Duck realleges and incorporates by reference Paragraphs 1-14 above as if fully stated herein.

16. Ugly Duck entered a contract for sale of the Apparel to Palomares on the terms and conditions as alleged above.

17. Ugly Duck performed all obligations under the contract except those that have been prevented by Palomares.

18. Palomares breached the contract by refusing to pay for the whole of the agreed purchase price for the 7,034 cartons of Apparel, as alleged above.

19. As a result of Palomares's breach of contract, Ugly Duck has suffered not less than $820,084.27 in losses, which represents the outstanding amount owed to Ugly Duck for the 7,034 cartons of Apparel, as alleged above.

20. The full extent of Ugly Duck's losses and damages arising from Palomares's breach of contract will be proven with certainty at trial.

---

[1] True and correct copies of which are attached hereto as Exhibit B to the Complaint.

## SECOND CAUSE OF ACTION

### (COMMON COUNT: GOODS AND SERVICES RENDERED)

21. Ugly Duck realleges and incorporates by reference Paragraphs 1-20 above as if fully stated herein.

22. Palomares requested Ugly Duck deliver the subject 7,034 cartons of Apparel to Palomares for Palomares's benefit.

23. Ugly Duck delivered the subject 7,034 cartons of Apparel to Palomares, as Palomares requested.

24. Palomares failed to pay Ugly Duck for the whole of the subject 7,034 cartons of Apparel.

25. The reasonable value of the subject 7,034 cartons of Apparel is and was $952,633.21.

26. Ugly Duck paid Palomares $132,548.94 for the 7,034 cartons of Apparel.

27. In not paying the reasonable value of the 7,034 cartons of Apparel received, Palomares was unjustly enriched.

28. The reasonable value of the 7,034 cartons of Apparel that Palomares failed to pay is not less than $820,084.27.

## THIRD CAUSE OF ACTION

### (BREACH OF THE IMPLIED COVENANT OF

### GOOD FAITH AND FAIR DEALING)

29. Ugly Duck realleges and incorporates by reference Paragraphs 1-28 above as if fully stated herein.

30. Ugly Duck and Palomares entered into a valid, enforceable, and binding written contract, in which Palomares agreed to pay Ugly Duck 100% of the agreed price upon receipt of the Apparel in California.

31. Ugly Duck fully performed its obligations under the contract when it delivered the subject 7,034 cartons of Apparel to Palomares as Palomares requested.

32. Implied in every contract is a covenant of good faith and fair dealing. Ugly Duck is informed and believes and on that basis herein alleges that Palomares materially and substantially breached its implied covenant of good faith and fair dealing under the contract by failing to pay the reasonable value of the 7,034 cartons of Apparel received.

33. By doing so, Palomares did not act fairly and in good faith. As a result of Palomares breach, Ugly Duck has sustained damages in an amount no less than $820,084.27, the exact amount of which will be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Ugly Duck prays for judgment against Palomares as follows:

1. Monetary damages to be proved at trial in the amount of at least $820,084.27;

2. Pre-judgment and post-judgment interest on said monetary damages;

3. Costs of suit, including reasonable attorneys' fees; and

4. Such other relief as the court may deem just and proper.

Dated: January 16, 2024          CLYDE & CO US LLP

                                 By: */s/ Kevin R. Sutherland*
                                     Kevin R. Sutherland
                                     Autumn E. Lewis
                                     Thomas M. Fedeli
                                     Attorneys for Plaintiff
                                     ZHEJIANG UGLY DUCK INDUSTRY
                                     CO., LTD.