**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-399-JFW(SKx)** | Date:  December 20, 2024 |
| Title: | Zhejiang Ugly Duck Industry Co., Ltd. -v- Palomares Apparel, Inc. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

    On January 16, 2024, Plaintiff Zhejiang Ugly Duck Industry Co., Ltd ("Plaintiff") filed a Complaint in this Court against Defendant Palomares Apparel, Inc. ("Defendant"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).  However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction'").

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).[1]  A limited liability company is a citizen of every state of which its members are citizens.  *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens"); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen").  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  *See, e.g., Bank of America, N.A. v. Remington Place Homeowner's Association*, 836 Fed. Appx. 580, 581 (9th Cir. 2021) ("Bank of America alleges

---

    [1] It is undisputed that Defendant is a California corporation with its principal place of business in Los Angeles County, California.  In addition, Plaintiff has alleged that the amount in controversy exceeds $75,000.

that Remington Place Homeowners' Association 'is a Nevada non-profit corporation,' but a corporation is a citizen of both its state of incorporation 'and . . . the State where it has its principal place of business'") (*quoting Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)).

In this case, Plaintiff alleges that it is "a Chinese company with its principal place of business in Wenzhou, China." Complaint, ¶ 1. However, by alleging that it is a Chinese "company," Plaintiff fails to allege if it is a corporation or a limited liability company. If it is a limited liability company, Plaintiff has failed to identify all of its members and the citizenship of each member. *See, e.g., PFFJ, LLC v. Cypress Benefit Admm'rs*, 2010 WL 3800920 (D. Ariz. Sept. 22, 2010) ("As to each party that is a limited liability company, the amended complainzht must affirmatively identify each member of that party and state the citizenship of each member"). Therefore, Plaintiff has failed to demonstrate that complete diversity exists and, as a result, the Court cannot determine if it has subject matter jurisdiction over this action.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **December 26, 2024**, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.